IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 5, 2003 Session

# ALEXANDER C. WELLS v. JAMES HEFNER, ET AL.

**Direct Appeal from the Circuit Court for Davidson County**
**No. 99C-2278      Barbara Haynes, Judge**

---

**No. M2002-02502-COA-R3-CV - Filed September 5, 2003**

---

Plaintiff filed a cause of action against several state employees for malicious prosecution.  The trial court dismissed the action for lack of subject matter jurisdiction.  We reverse.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Alexander C. Wells.

Paul G. Summers, Attorney General and Reporter and Leslie Ann Bridges, Senior Counsel, for the appellees, James Hefner, Timothy Quain and Dean Roberts.

### MEMORANDUM OPINION[1]

Alexander C. Wells (Mr. Wells) filed a cause of action in the Circuit Court of Davidson County alleging malicious prosecution.  Defendants are employees of Tennessee State University, a governmental entity pursuant to the Governmental Tort Liability Act ("GTLA"). Tenn. Code Ann. § 29-20-102(3)(2000).  The trial court awarded defendants summary judgment on the grounds that 1) they acted within the scope of their official capacities and are entitled to absolute immunity under Tenn. Code Ann. § 9-8-307(h) and 2) the suit was one against the state and is therefore barred by sovereign immunity.  We reverse.

---

[1]**RULE 10.  MEMORANDUM OPINION**.  This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Tennessee Code provides:

State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, *except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain.*

Tenn. Code Ann. § 9-8-307(h)(Supp. 2002)(emphasis added). State employees, therefore, are not immune from causes of action alleging malicious acts. Mr. Wells' claim is for malicious prosecution. Without opining on whether Mr. Wells will succeed in demonstrating malice, defendants are not immune from this claim.

As noted by the trial court, a claim against a state employee *in his official capacity* constitutes an action against the state. *Cox v. State*, 399 S.W.2d 766, 778 (Tenn. 1965)(emphasis added). The State is immune from suit except as the legislature has provided to the contrary. *Shell v. State*, 893 SW2d 416, 420 (Tenn. 1995). We disagree with the trial court, however, that Mr. Wells' claim is a claim against defendants in their official capacities and, therefore, against the State. In *Cox*, *supra*, plaintiff brought an action against "[The] State of Tennessee, Donald M. McSween, Commissioner of Commerce and Conservation of Tennessee." *Cox*, 399 S.W.2d 766. Mr. Wells' complaint, on its face, is clearly not against the State or defendants in their official capacities. Mr. Wells does not name the State in his complaint, nor does he seek damages from the State. He names the defendants individually, and not in their official capacities.

Mr. Wells' action is one against defendants individually, and it is one from which defendants are not immune. We accordingly reverse the order of the trial court awarding summary judgment to defendants on the basis of jurisdiction and remand for further proceedings. Costs of this appeal are taxed to the appellees, James Hefner, Timothy Quain, and Dean Roberts.

_____
DAVID R. FARMER, JUDGE